# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 12-30927
Summary Calendar

Lyle W. Cayce
Clerk

MILDRED JONES,

Plaintiff-Appellant

v.

ROBIN GIARRUSSO, Orleans Parish Judge; LOUISIANA STATE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-494

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mildred Jones filed suit claiming due process violations by Louisiana State court judge Robin Giarrusso and by the State of Louisiana. The district court dismissed because it lacked subject matter jurisdiction. We AFFIRM.

The federal complaint was filed in February 2012, three years after Jones brought suit in Louisiana state court. Current defendant Robin Giarrusso was the state court judge. Judge Giarrusso admitted the plaintiff's attorney-son,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30927

Ricky Nelson Jones, *pro hac vice* in order to represent his mother.  After the defendants in that case demonstrated that Jones's son was a necessary witness, Judge Giarrusso applied state Bar rules to hold that the son could no longer be the attorney in the case.  Admission *pro hac vice* was revoked.  Jones took an interlocutory appeal.  A Louisiana Court of Appeal upheld the revocation of the attorney's admission and affirmed the denial of Jones's motion for summary judgment.  *Jones v. Next Generation Homes, LLC,* 76 So. 3d 1238 (La. App. 4th Cir. 2011).  We are unaware of any further proceedings in the state trial court.

Jones brought the current suit in the U.S. District Court for the Eastern District of Louisiana, alleging that removing her attorney was a due process violation.  She sought to have her son reinstated as her attorney and the state court action stayed pending resolution of the federal court suit, or alternatively, the removal to federal court of the state court suit she filed in 2009.

This court reviews a district court's dismissal for lack of subject matter jurisdiction *de novo*.  *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).  The Eleventh Amendment bars citizens' suits against a State in federal court.  *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 280 (5th Cir. 2002).  The State of Louisiana has not waived immunity.  LA. REV. STAT. ANN. § 13:5106(A) (2010).  Congress has not abrogated it.  *See Cozzo*, 279 F.3d at 281.  The exception that allows suits against state officials for prospective injunctive relief does not apply, as Jones seeks retroactive relief.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105-06 (1984) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).  Therefore, we do not have jurisdiction to hear the suit against Louisiana because the State retains sovereign immunity.  *Id.*

To the extent that Jones seeks an injunction of state court proceedings, that relief is barred by the Anti-Injunction Act.  28 U.S.C. § 2283.  As to removal

No. 12-30927

of her state court suit to federal court, Jones as plaintiff has no right to remove her own case. *See* 28 U.S.C. § 1441(a).

The suit against Judge Giarrusso in her official capacity is also barred as effectively a suit against the State. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

AFFIRMED.